Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
Shaamini A. Babu, Esq. (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF TRUSTEES FOR THE OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND, et al.<br><br>    Plaintiffs,<br>v.<br><br>BRADLEY CONSTRUCTION, INC.; DAVID GLENN BURKHART; and GLENN ELLIS BURKHART,<br><br>    Defendants. | Case No.: C06-2611 VRW<br>         and<br>Case No.: C08-1271 CW<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the plaintiffs BOARDS OF TRUSTEES FOR OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against defendants BRADLEY CONSTRUCTION, INC. ("BRADLEY") and David Glenn Burkhart ("BURKHART") (collectively "Defendants") as follows:

1.     Defendants entered into a valid collective bargaining agreement with the Operating Engineers Local 3 (hereinafter "Bargaining Agreement"). This Bargaining Agreement

1. has continued in full force and effect to the present time.

2. BURKHART, on behalf of BRADLEY, executed an Independent Northern California Construction Agreement on September 10, 2002, thereby personally guaranteeing all sums owed under the Bargaining Agreement including, but not limited to, contributions, liquidated damages, interest, attorneys' fees and costs incurred in connection with collections.

3. On July 11, 2007, BRADLEY and BURKHART entered into a Settlement Agreement for amounts owed to the Trust Funds.

4. Pursuant to the Settlement Agreement, BRADLEY agreed to make a settlement payment in the total sum of $170,000 to the Trust Funds as follows: an initial payment of $28,000, followed by monthly payments in the amount of $14,200 for a period of ten (10) months. A true and correct copy of this Settlement Agreement is attached hereto as Exhibit A and incorporated herein by this reference.

5. BRADLEY made the initial payment of $28,000 under the terms of the Settlement Agreement, and one payment of $14,200. BRADLEY then defaulted. In response to a default notice from Plaintiffs, BRADLEY made one additional payment of $14,200. No further payments were received by Plaintiffs.

6. Because BRADLEY defaulted under the Settlement Agreement, BURKHART became personally and individually liable, and BRADLEY and BURKHART became liable for the increased sum of $204,480.69 instead of the original settlement sum of $170,000 pursuant to the terms of the Settlement Agreement.

7. The parties hereto agree that BRADLEY and BURKHART shall be liable for the original settlement sum of $170,000, less any principal payments received by Plaintiffs. The amount that remains due pursuant to the terms of the Settlement Agreement are as follows:

//

| Original Settlement Amount | $170,000 |
|---|---|
| Principal Payments | ($56,400) |
| Balance | $113,600.00 |
| Attorneys fees (through 4/24/08) | $4,240.50 |
| **Total Due** | **$117,840.50** |

8.  In addition, an audit of Defendants' records was recently performed, which revealed an additional sum of $19,997.50 due to Plaintiffs. A separate action has been filed against defendants relating to the amounts found due on audit, <u>Crosthwaite, et al., v. Bradley Construction, Inc.</u>, United States District Court for the Northern District of California, Case No. C08-1271 CW. Amount due on audit (second action):

| Amount found due on Audit | $18,274.83 |
|---|---|
| Audit Costs | $1,722.67 |
| Attorneys Fees (through 4/24/08) | $790.50 |
| Costs (filing fee) | $350.00 |
| **Total Due:** | **$21,192.00** |

9.  The parties have agreed to resolve both matters by this Stipulated Judgment.

10. Defendants shall pay the amount of **$139,032.50** as follows:

(a)  Beginning on May 15, 2008, and continuing **on or before the 15th of each month** thereafter for a period of 18 months through October 15, 2009, defendants shall pay to plaintiffs **$8,480.00** per month. Defendants shall have the right to increase the monthly payments at any time, which can be made by joint check, if endorsed by Defendants prior to submission to Plaintiffs.

(b)  Payments shall be applied first to unpaid interest at the rate of 12% per annum on the unpaid principal balance and liquidated damages, in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements.

(c)  Payments shall be made to the Operating Engineers Trust Funds, and delivered to **Michele R. Stafford, Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, CA   94104** on or before the 15th of each month as stated

above, or to such other address as may be specified by Plaintiffs.  In the event that any check is not timely submitted, fails to clear the bank, or is unable to be negotiated for any reason, this shall be considered to be a default on this Stipulated Judgment.  If this occurs, Plaintiffs shall make a written demand to Defendants to cure said default.  Default will only be cured by the issuance of a replacement, *cashier's check*, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs.  If Defendants elect to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default was caused by a failed check.  In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

11. Beginning with contributions due for hours worked by Defendants' employees during the month of February 2008, due on March 15, 2008 and delinquent if not received by March 25, 2008, and for every month thereafter until this Stipulated Judgment is satisfied, Defendants **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust of the Trust Funds as amended.  **Defendants shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment** to **the Trust Fund office so that timely compliance can be confirmed.**  Failure by Defendants to remain current in contributions shall constitute a default of the obligations under this Stipulated Judgment and the provisions of this Paragraph 10 shall apply.  Any such unpaid or late paid contributions, together with 15% liquidated damages and 12% per annum interest accrued on the total contributions plus liquidated damages, shall be added to and become a part of this Stipulated Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and

Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this Stipulated Judgment are in addition thereto.

12. Prior to the last payment pursuant to this Stipulated Judgment, Plaintiffs shall advise Defendants in writing of any additional amounts owed under this Stipulated Judgment, which shall include, but not be limited to, any additional attorneys' fees and costs incurred in this matter. Said amount shall be paid with the last payment, on or before October 15, 2009.

13. BURKHART acknowledges that he is the RMO of BRADLEY and that pursuant to the terms of the Settlement Agreement, he is indebted to the Trust Funds for all amounts owing thereunder. BURKHART is a named defendant in this action and is included in this Stipulated Judgment as a judgment debtor. BURKHART specifically consents to this Court's jurisdiction in the event that subsequent legal action becomes necessary.

14. In the event that Defendants fail to make any payment as required herein, or fail to remain current in any contributions as set forth above,

(a) The entire balance of **$139,032.50**, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 15% liquidated damages and 12% per annum interest thereon as provided above shall be immediately due, together with any additional attorneys' fees and costs incurred by Plaintiffs as set forth herein.

(b) A writ of execution may be obtained against BRADLEY and BURKHART, without further notice to them, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants and/or guarantors and the balance due and owing as of the date of default. **Defendants specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a writ of execution herein.**

      (c)    Defendants waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution, without further notice to Defendants.

      (d)    Defendants shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendants to Plaintiffs under this Stipulated Judgment.

15. Any failure on the part of the Plaintiffs to take any action against Defendants as provided herein in the event of any breach of the provisions of this Stipulated Judgment shall not be deemed a waiver of any subsequent breach by the Defendants of any provisions herein.

16. Plaintiffs specifically reserve all rights to bring a subsequent action against Defendants for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of this Stipulated Judgment. Defendants specifically waive the defense of the doctrine of res judicata in any such action.

17. In the event of the filing of a bankruptcy petition by Defendants the parties agree that any payments made pursuant to the terms of this Stipulated Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. §547(c)(2) and shall not be claimed as a preference under 11 U.S.C. §547 or otherwise. Defendants nevertheless represent that no bankruptcy filing is anticipated.

18. Should any provision of this Stipulated Judgment be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Agreement.

19. Defendants each represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in the analysis of this Stipulated Judgment and the terms and conditions set forth herein, that they have read this Stipulated Judgment with care and are fully aware of and understand that they enter into this Stipulated Judgment voluntarily.

20. This Stipulated Judgment may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

Dated: May 12, 2008               **BRADLEY CONSTRUCTION, INC.**

_____/s/_____
David Glenn Burkhart, RMO

Dated: May 12, 2008               **DAVID GLENN BURKHART, Individually**

_____/s/_____
David Glenn Burkhart

Dated: May 14, 2008               **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

_____/s/_____
Wayne E. McBride

**IT IS SO ORDERED**

Dated: _____5/19_____, 2008      _____
                                  UNITED STATES DISTRICT COURT JUDGE

# *EXHIBIT A*

## SETTLEMENT AGREEMENT AND CONDITIONAL RELEASE

This settlement agreement and release is entered into by and between the boards of trustees of the Operating Engineers Health and Welfare Trust Fund, the Pension Trust Fund for Operating Engineers, the Pensioned Operating Engineers Health and Welfare Trust Fund, the Operating Engineers Vacation and Holiday Trust Fund, the Northern California Preapprentice, Apprentice and Journeyman Affirmative Action Training Fund, the Operating Engineers Contract Administration Fund for Northern California, the Operating Engineers Industry Stabilization Trust Fund and the Operating Engineers Market Preservation Trust Fund ("plaintiffs") and Bradley Construction, Inc., a corporation, David Glenn Burkhart, and individual ("defendants"). Defendant Bradley Construction, is sometimes referred to herein as the "Employer." Only defendant Bradley Construction, Inc will be bound to make the payments recited herein, unless a default occurs. Plaintiffs reserve the right to collect all amounts owed by Bradley Construction form and against the other defendant in the event of a default.

Bradley Construction, Inc. will make one payment in the amount of $28,000.00 as a down payment for completing this agreement. (This payment has been paid 5/00/07). Thereafter, 10 monthly payments of $14,200 will be made to complete the Bradley Construction obligation to the Trust funds. (Two calendar months can be skipped by Bradley at any point during the term of this agreement, due to financial difficulties or to accommodate weather problems, etc.). If Bradley Construction Inc. defaults on any payments of this agreement, David Burkhart is financially liable only to the extent of the total direct payments that are specified specifically in this agreement, *less* any payments previously made by Bradley Construction, Inc.

### *For Example*:

Bradley Construction, Inc made the payment of $28,000.00, a partial satisfaction of obligations.
Bradley Construction, Inc. made six payment of $14,200.00 a total of $85,200.00
Bradley Construction, Inc. defaults on the remaining balances of $56,800.00 specifically called for in this agreement.

At this point, David Burkhart and Bradley construction would be liable for $56,800.00

### *For Example:*

Bradley Construction, Inc. made the payment of $28,000, a partial satisfaction of obligations.
Bradley Construction makes 4 payments of $14,200, a total of $56,800
Bradley Construction defaults on the remaining balances of $85,200 specifically called for in this agreement

At this point, David Burkhart and Bradley Construction would be liable for $85,200

At no point is David Burkhart liable beyond the spirit and intent of these examples and this agreement. The trust funds still has all of their legal remedies that are represented in sum from this agreement, but no personal liability from any individual, currently or previously employed or related to Bradley Construction, implied or otherwise, exists as a result of this agreement.

This addition to the stipulation is at the crux of our agreement, and is and should be forever tied to this stipulation.

## RECITALS

Plaintiffs have filed an action entitled Board of Trustee, etc. v, Bradley Construction, Inc., et all (Case No. C 06-02611 VRW (the "Action") against the defendants in the United States District Court for the Northern District of California, seeking inter alia, judgment for delinquent trust fund contributions, an audit, costs, interest, liquidated damages and attorneys fees.

Defendants have been served in the Action and have defaulted.

The plaintiffs and defendant wish to fully and finally resolve and release all claims between and amongst them through and including March 31, 2007.

## NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS;

1. Defendants, through Employer, shall immediately pay the sum of twenty-eight thousand dollars to plaintiffs in partial satisfaction of their obligations hereunder.

2. Defendants, through Employer, shall make 10 additional payments, each of which shall be not less than fourteen thousand two hundred dollars, to plaintiffs, through Employer, and each of which payments shall be paid in each consecutive calendar month, except that defendants shall be entitled to skip two calendar months, at their option, to accommodate weather problems or financial difficulties, or both. No other express or implied defaults in satisfaction of these settlement terms shall be permitted,

3. Notwithstanding the foregoing, under no circumstances shall the term of this agreement exceed eighteen calendar months from its joint execution; if terms of this agreement remain unfulfilled at expiration of such period, plaintiffs shall have the right to promptly any addition rights they may possess against Defendants, in additional to those called out as amounts payable as "default amounts" pursuant to Exhibit A to this agreement'

4. The aforesaid payments represent a compromise agreement regarding amounts Plaintiffs claim are owed by the defendants. Payment of these compromise sums shall not excuse the defendants from their obligations to promptly and timely pay and report all trust fund contributions as them become due from and after April 1, 2007. Any default in report or contribution obligations from or after April 1, 2007 shall constitute an act of default under this agreement. Failure to make timely reports or contributions as required by the collective bargaining agreement to which the employer is bound shall constitute a material breach of this agreement, and shall make the employer liable for additional payments ("default amounts") as specified on Exhibit "A" to this agreement. Such

2

amounts shall be immediately due and payable upon the occurrence of a default by the employer.

5. The parties shall execute a Stipulation for Dismissal of this action, provided that the dismissal shall be conditional on complete and literal compliance with the terms of this agreement. This agreement will be attached to the Stipulation for Dismissal to be filed with the courts.

6. The parties agree that the court shall retain jurisdiction to enforce the terms of this agreement.

7. The parties agree that, in any proceeding to enforce this agreement, the prevailing party shall be entitled to an award of costs and attorneys fees at the prevailing rate, in connection with the proceeding.

8. For and in consideration of the executive of this agreement by the defendants and the timely payments, and other agreements contained within this agreement, Plaintiffs herewith fully and finally release Defendants, and their agents, officers, employees, ex-employees, affiliates, subsidiaries, insurance carriers and joint ventures from any and all claims, demands, causes of action liabilities or claims of any type, whether known or unknown, liquidated or unliquidated, arising from or related to the specific claims in this Action.

9. Each of the parties to this Agreement hereby agrees to waive any and all rights to invoke the provisions of California Civil Code Section 1542 in connection with the terms of the aforesaid releases. California Civil Code Section 1542 provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO THE EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

10. This Agreement resolves claims which are denied and disputed. Nothing contained in the Agreement is intended to constitute an admission of liability on the part of any party, nor is any provision of this Agreement intended to constitute an admission that any claim of any party lacks merit.

11. By execution of this Agreement, each party hereto acknowledges and agrees that he/she/it has had the opportunity to obtain legal advice with regard to the terms of this Agreement, and that he/she/it enters into such agreement knowingly and voluntarily.

12. This Agreement may be executive in counterpart originals. When so executed by the parties, the Agreement shall be final and binding as through each party has executed the same counterpart.

13. Each party agrees to refrain from taking any action which would subvert or frustrate the purposes of this Agreement.

3

IN WITNESS WHEREOF, the parties have signed this Agreement on the dates indicated below.

BOARDS OF TRUSTEES OF THE, OPERATION ENGINEERS HEALTH AND WELFARE TRUST FUND, PENSION TRUST FUND FOR OPERATING ENGINEERS, PENSIONED OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND, OPERATING ENGINEERS PREAPPRENTICE APPRENTICE AND JOURNEY AFFIRMATIVE ACTION TRUST FUND, OPERATING ENGINEERS CONTRACT ADMINISTRATION TRUST FUND FOR NORTHERN CALIFORNIA, OPERATING ENGINEERS INDUSTRY STABILIZATION TRUST FUND.

By _____

Date 7-13-07

BRADLEY CONSTRUCTION, INC. DAVID GLENN BURKHART

BY _____

Date 7/11/07

4

Bradley
Settlement Exhibit A

| Settlement | | |
|---|---|---|
| Paid | | $170,000.00 |
| | | $28,000.00 |
| | | $142,000.00 |
| Pmts | 10 @ | $14,200.00 |

| Settlement Amounts | | Default Amounts | |
|---|---|---|---|
| Current AR | $94,849.97 | | |
| Less down payment | -28,000.00 | | |
| Prin Sub total | 66,849.97 | | |
| Plus Audit Prin | 4,231.96 | Audit LD+I | 1155.22 |
| Prin Total | 71,081.93 | | 71,081.93 |
| Skw Fees | 18,500.00 | | 18,500.00 |
| Stlmt Id's and interest if not in default | 52,418.07 | | |
| Default Id's+I | | | 112,996.05 |
| Settlement Total | $142,000.00 | | |
| Audit Cost | | | $747.49 |
| Defult Total | | | $204,480.69 |